# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| CHALPIN DENTAL ASSOCIATES, PC; JOHN W. CHALPIN, | Civil Action |
| Third-Party Plaintiffs, | No. 10-7342 |
| v. | |
| CIEOS, INC. | |
| Third-Party Defendant. | |

May 10, 2011

## MEMORANDUM

Third-party plaintiffs Chalpin Dental Associates, PC, and John W. Chalpin (collectively "Chalpin"), move the court for a default judgment against third-party defendant Cieos, Inc. ("Cieos"). For the reasons that follow, I will strike the third-party complaint and deny third-party plaintiff's motion as moot.

**I.      Background**

In September 2010, Manufacturers and Traders Trust Co. ("MTTC") filed an action against Chalpin in Pennsylvania state court. The action was removed to the United States District Court for the Middle District of Pennsylvania, and it was subsequently transferred to this court on December 16, 2010. (*See* Docket No. 1.)

Chalpin filed an answer and a counterclaim against MTTC on December 29, 2010.

(Docket No. 4.) Chalpin later filed a third-party complaint pursuant to Federal Rule of Civil Procedure 14 against Cieos on January 18, 2011. (Docket No. 8.) Having served Cieos and received no responsive pleading, on April 13, 2011, Chalpin filed an application for default judgment in favor of third-party plaintiffs (Docket No. 15).

## II. Discussion

Federal Rule of Civil Procedure 55(b)(2) authorizes a court to enter, upon application to the court by a party, a default judgment in cases where the defendant is not "an infant or incompetent person." When entertaining a motion for default judgment, a district court should examine "three factors [that] control whether a default judgment should be granted: (1) prejudice to the plaintiff if default is denied, (2) whether the defendant appears to have a litigable defense, and (3) whether defendant's delay is due to culpable conduct." *Chamberlain v. Giampapa*, 210 F.3d 154, 164 (3d Cir. 2000). To that end, the court must ensure that the third-party complaint here complies with basic procedural requirements. Alas, it does not.

Rule 14 provides a strict time period in which a defendant, such as Chalpin, may file a third-party complaint:

> A defending party may, as third-party plaintiff, serve a summons and complaint on a nonparty who is or may be liable to it for all or part of the claim against it. But the third-party plaintiff must, by motion, obtain the court's leave if it files the third-party complaint more than 14 days after serving its original answer.

Fed. R. Civ. P. 14(a)(1). Chalpin filed its answer to the underlying complaint on

December 29, 2010. (*See* Docket No. 4.) Chalpin did not file its third-party complaint against Ceios until January 18, 2011. (*See* Docket No. 8.) Fourteen days after December 29, 2010, was January 12, 2011, making the third-party complaint untimely. Chalpin did not, however, seek the court's leave via motion prior to filing the third-party complaint. Accordingly, the third-party complaint is stricken without prejudice to refiling the complaint, accompanied by a motion asking for leave of court and explaining any facts that would justify tardy filing.

## III. Conclusion

In light of the untimely filing of the third-party complaint, default judgment would be premature at this time. I will thus strike the third-party complaint and deny third-party plaintiff's motion for entry of default judgment as moot. An appropriate order follows.